Good morning, Your Honors. Sylvia Rivera for Petitioner, Ernesto Esquivel-Garcia. May it please the Court. The primary issue on this petition for review is a straightforward one, and it's the issue that the Ninth Circuit identified when it referred the case out for pro bono representation, and that is the question of whether or not there was sufficient evidence in the record before the immigration court and the BIA to prove up the drug conviction upon which both the immigration judge and the BIA rely in concluding that the petitioner was both statutorily ineligible for cancellation of removal and statutorily ineligible for adjustment of status. Mr. Rivera, if we were to determine that the statement, I think it was heroin, was inconclusive as to whether it really was heroin and the precluded kind of drug of possession, and if we conclude that that was the obligation of the government to show that it was a disqualifying or whatever bad type of conviction, and it wasn't shown, then what would you suggest we would do, remand for application of a modified categorical approach? I think if, in fact, Your Honors, that's what the Court concludes, then the appropriate remedy is to remand the case back to the immigration court for a mandatory remand. For a merits hearing. For a what? For a merits hearing. A merits hearing, but all we want to know, I mean, all the documents are before the court, are they not? All we need is somebody to look at them and say, well, maybe either under categorical or modified categorical approach, was this person convicted of possession of heroin? For purposes of determining whether or not there is a statutory bar to the relief request. Yes. Yes, I would agree. What else is there in the case? The other issue would be the broader issue, the fuller question of whether or not he can meet the affirmative criteria to qualify for the relief. What happened in this case was the immigration judge pre-dermitted his applications for affirmative relief. The petitioner in this case did not have the opportunity to basically put on evidence to prove up the affirmative factors that he would need to prove to make out both the relief in the form of cancellation of removal and in the form of adjustment of status. What the immigration judge said was, before we get to your affirmative case, so to speak, it looks like there might be this disqualifying offense that's out there. We don't need to take the time to get to your affirmative case if, in fact, we can prove up that you have this disqualifying offense.  And that, in fact, is what happened here. So to circle back to Your Honor's point, if the question is merely one of was there a disqualifying offense, then yes, a remand to the BIA, for example, to resolve that issue would address that very narrow issue. There would remain, however, the larger issue. If, for example, the BIA then concluded that, in fact, there was insufficient evidence, the case would still have to go back to the immigration judge for a full merits hearing. So our position would be essentially for purposes of efficiency and fairness, quite frankly, the appropriate remedy would be to send it back to the immigration court for a full merits hearing at this point. That said, a remand to the BIA to reconsider this particular issue that we're discussing also, I think, would be appropriate. Do you agree that the burden is on the petitioner to show that he is not statutorily ineligible? As a general matter, yes, Your Honor, I do agree with that statement. And I think it then leads to two follow-up questions that I think need answering. With respect to the relief in the form of cancellation of removal, you are statutorily ineligible for cancellation of removal if you have, in fact, been, quote, convicted of a disqualifying offense. For purposes of that form of disqualification, it's only a conviction that satisfies, that meets the criteria. The Ninth Circuit's case law is abundantly clear. There's no question that for purposes of proving up a conviction in that scenario, the court is limited to looking at, A, under the categorical approach, the definition of the crime as set forth in the statute. And, B, under the modified categorical approach, the court is limited to looking at the official conviction records. In this case, there's no question that under the categorical approach, the conviction that the petitioner has for violation of California Health and Safety Code Section 11350, there's no question, it does not satisfy the standard under the categorical approach. And what I mean by that is under the categorical approach, it is clear that he's met his burden. We then move to the modified categorical approach. The Ninth Circuit's decision in Sandoval-Lewa also makes it abundantly clear, reaches the unequivocal conclusion that in a situation where the petitioner bears the burden, to your honor's point, in a situation where the petitioner bears the burden of proof, the petitioner meets his burden, satisfies that burden, by pointing to judicially noticeable documents reflecting the conviction record that are, quote, inconclusive. That's what the Ninth Circuit concluded in the Sandoval-Lewa case, and most recently in the Yang case, which was part of the parties, there were multiple rounds of Rule 28J. So his statement, I think it was heroin, has no significance on cancellation. That's exactly right. But it has potential significance on adjustment. Exactly. With respect to adjustment of status, which again is a totally separate form of relief, with respect to adjustment of status, the, in your honor's, I'm sorry, if I could ask a quick clarification point. I want to, I'd like to reserve two minutes for rebuttal. Sure, you've got 247 left, so. So I'll be quick. Okay. With respect to adjustment of status, there could be a disqualifying offense under the adjustment of status category if the petitioner either was convicted or admits to having committed the offense. As to the was convicted, that's basically taken care of under the cancellation of removal analysis. Now there's the question of did he commit to the offense. In this case, we have, from the record, you have the petitioner on the stand through a Spanish interpreter. There's a colloquy back and forth between him and the immigration judge. It's clear that the immigration judge is trying to communicate a point that the petitioner is not understanding. Ultimately, the judge says, what was it that the judge in your criminal case accused you of doing, said you were, said you had done? What was the drug that he said was there? The petitioner says, in the house, in the house where I was at, indiscernible. I think it was heroin. The BIA itself has required much more than that. And in Paz-Bogain, this court recognized that. It needs to be unqualified and unequivocal. And I'll reserve the rest of my time. Thank you, Ms. Rivera. Good morning. Good morning, Your Honors. May it please the Court, my name is David Schor. I represent the Attorney General of the United States. In this immigration case, the petitioner conceded removability, and he had a fair, a full and fair opportunity to present his claims for relief. The immigration judge determined the petitioner failed to carry his burdens of establishing his eligibility for adjustment of status and cancellation of removal because he failed to show that he lacked a disqualifying conviction under the INA. This is not a case, as Petitioner's Counsel noted, in which DHS or the government bore the burden of demonstrating disqualifying convictions. The petitioner's burden, because he was seeking relief, he had already conceded removability as an alien who entered without inspection. It was his burden to establish the negative, that is, the absence of a disqualifying offense. Now, under our new case, Sandoval Lua, doesn't he meet that burden with respect to cancellation? When he proffers a conviction that is, as Ms. Rivera referred to, ambiguous, doesn't he meet his burden? He does, Your Honor. If the government's position, Your Honor, is that the decision in Sandoval Lua means what it says, that is, if the petitioner produces an inconclusive record of conviction and then satisfies the modified categorical analysis, he's carried his burden. The petitioner did not present an inconclusive record of conviction in this case. He presented criminal history transcripts from the California Department of Justice and from the FBI, and he presented no part of the actual record of conviction. And consequently, Sandoval Lua does not apply. If the petitioner is correct, that is, that you can produce no documents or just simply a rap sheet and you've carried your burden, then the burden is effectively on the government, and it totally obviates the burden of proof scheme that Congress selected and that Congress codified. How do you prove that the documents aren't available anymore? Well, Your Honor, I don't know that the Board has necessarily spoken on that issue, but there was no explanation offered. There was no explanation. We don't have the documents. There was no affidavit from the attorneys saying I tried to obtain these. There was absolutely nothing presented as to why the actual record of conviction, a plea colloquy, plea agreement, judgment, why none of that was proffered. We just have this rap sheet that was presented. And the petitioner makes an issue with that of the record does contain a document that DHS submitted, an administrative document from the court entitled Disposition of Arrest in Court Action. That document is sort of akin to an abstract judgment. It doesn't indicate the nature of the controlled substance. But we still – that's all we have from the record of conviction. We have nothing else. So the government's position, Your Honors, is that the petitioner does not benefit from San Barilo because he's not presented an inconclusive record of conviction. He's presented the bare minimum. But before we can even get to that issue, Your Honors, the petitioner – for this Court to have jurisdiction, a petitioner must exhaust his administrative remedies. Now, a petitioner filed his – through counsel, filed an appeal to the Board, asserting that he was eligible for Federal First Offenders Act treatment or analogous treatment, and that he was thus eligible for a waiver of inadmissibility, and that was followed by an assertion that he had carried his burdens of proof for cancellation of removal and adjustment of status. The petitioner did not challenge the immigration judge's ruling that his state conviction related to a controlled substance under the Federal definition. He didn't challenge the quality of the evidence. He didn't argue that the record of conviction was silent as to the identity of the substance. And I would also like to note that at the time the petitioner filed his brief to the Board, this Court had already decided, Cisneros-Perez, faulting the immigration judge for relying on testimony, which is beyond the modified categorical approach. So the petitioner had that potential argument at his disposal, didn't raise it to the Board. The Board then, in its decision, in dismissing the appeal, states that uncontested facts in the record establish this disqualifying offense. Now, the Board does cite to those facts in the record, but throughout the Board's decision, it's relying on the fact that it was uncontested that this is, in fact, an offense relating to a controlled substance. So he's not exhausted his administrative remedies. His conclusory assertion in his brief that I've established my eligibility for relief is insufficient to preserve the issue because, as this Court has repeatedly noted, the Board has a strict specificity requirement that it holds parties to in order to raise an issue. So the petitioner has not exhausted his administrative remedies as to his current claim of error, and the Court should dismiss the petition for review for that reason. And turning to you, can I go back to your comment about the insufficiency of the documents themselves? I'm looking at the document that says it's on the top disposition of arrest in court action. Yes. It looks to be an official State form, you know, form number 8715. It lists count one, possession of controlled substance. It indicates what the sentence was, disposition date, arrest date, and so forth. Why isn't this sufficient? I mean, it's certified by the custodian of the records. Why is this insufficient? The government is not arguing that that's not a judicially noticeable document. That's not the government's position. I mean, that is a judicially noticeable document. My question before was, doesn't he meet his burden under Sandoval Lua when he comes forward with an ambiguous document? And I thought you said, yes, but this document doesn't count. No. He failed to provide the sufficient quantum of evidence. That is, he failed to prove that the record of conviction is, in fact, inconclusive. We have a tiny piece, that one document, of the actual record of conviction. But that's it. Well, I know. But I mean, I'm asking you, why doesn't he meet his burden of going forward when he comes forward with this? He has the burden. He comes, he produces this, and then the burden shifts to you to respond to it. Well, it was actually the government that produced that document. He solely produced his rap sheets. But in any event, Your Honor, that document is only a tiny piece. We don't know. It's only what? That document is only a tiny piece of the record of conviction. We don't know whether the record of conviction is, in fact, inconclusive. Because we only have Sandoval Lua. All he has to do is get his foot in the door, and then whoever wants to complete the record can do so. Well, Your Honor, he bears the burden throughout. There is no sort of burden shift framework. But if you look at this record, which he – however this got into the record, it's in the record. Sure. As the record stands, this is the only thing in it, really, that sheds any light on it. So why hasn't he carried his burden? Your Honor, because this is only a tiny part of the record of conviction versus – it's his burden to establish the absence of a disqualifying offense. Now – and he may carry that burden, as this Court held in Sandoval Lua, by producing an inconclusive record of conviction. And we will – we stipulate this is an inconclusive record? That record, certainly, Your Honor, does not identify the subject. And it's in front of the judge. I'm sorry? And it's – now the judge has it. He – the immigration judge. Okay. So why isn't that the end of the ballgame? Because, Your Honor, that one document is only a part of the record of conviction. In Sandoval Lua, for example – Okay. Then if you want to supplement the record, you can do that. But that's the Petitioner's burden. No. His burden is to come forward with an inconclusive record. To prove that the record of conviction is inconclusive. And now we've got that. But we only have one part of that, and that he – the government's position, Your Honor, is that he's not carried his burden. And he hasn't sufficiently demonstrated an inconclusive record. Turning – Let's assume – let's assume we don't agree with you. Let's assume that he's gotten his foot in the door with this document, however it came in. Your Honor, if this Court determines that he's established an inconclusive record of conviction under the modified categorical approach, then the Court should remand to the Board with regard to cancellation of removal. With regard to – So that you folks could have an opportunity to come up with whatever you want. Is that – would that be the purpose of it? Well, the Board would have latitude on remand to decide how to proceed.  Now, with regard to adjustment of status. Now, the statute under which he was found removable – or, sorry, ineligible for relief, I apologize, permits adjudicators to consider an alien's admissions. Now, Petitioner could have, with respect to adjustment of status, where he bore the burden of demonstrating that he's admissible, he could have presented testimony and said – and said to the immigration judge, oh, no, the substance was not listed in the Federal definition. It was not a disqualifying offense. He, in fact, provided testimony that cut the other way. I think it was heroin. And then he turns around and says, well, okay, I benefit from that ambiguous testimony. I think it was heroin, and therefore I carry my burden. The government's response is no, because the statute permits the consideration of admissions. Petitioner could have testified to the negative, could have established the negative, that is, that this is not a disqualifying conviction. He failed to do so, and as this Court has noted, you know, ambiguous testimony, when an alien meets or bears the burden, is insufficient to carry that burden. So with regard to adjustment of status, his claim is – is out the door. But on adjustment of status, do I understand that you're – you suggest that if he had refused to testify, that the adverse inference that, in fact, it was a disqualifying offense could have been drawn against him? Yes, Your Honor. He bore the burden of – because his testimony could have been considered with adjustment of status, and he bore the burden, just like an alien seeking asylum who has to show persecution and refuses to testify or put forward any evidence, the immigration judge can say, yes, you have not carried your burden, can draw that adverse inference. I do – I do briefly want one more question. Well, you're out of time. Thank you, Your Honor. Judge Bolton's question was answered. Thank you very much, Mr. Shor. Ms. Rivera, you have about a minute and a half left or so. Thank you, Your Honors. To briefly respond to the points that my colleague made, I think there were three main points, and I will take them – address them rather seriatim. Just to wrap up with respect to the conviction documents in the record, the record reflects – excuse me, the administrative record reflects that both sides requested official records of conviction from the California Department of – the California State Department of Justice. There are official exemplified documents in the record. The documents that Your Honor had identified, the disposition of arrest documents, it is true that they are documents that were produced by the government in the sense that those are the documents that the – I'm not sure if it was the California Department of State or the Department of Homeland Security sent to the government in response to the government's inquiry. Those documents were not sent to Petitioner's former counsel in response to her inquiry. The bottom line is, though, that they constitute records of conviction, which satisfy the Sandoval-Lewis standard. And most recently, in the Ninth Circuit's opinion in the Yong case, that was a case where the court concluded that the Petitioner had met his burden. The court concluded both that the government had failed to prove a conviction sufficient to render him subject to removal and that he had met his burden to prove that he was not ineligible, even though it was the government who produced the document and not the Petitioner. Thank you, Ms. Rivera. Mr. Shore, thank you, too. The case just argued to submit. Ms. Rivera, we want to thank you very much for accepting this pro bono appointment for doing it so confidently. Thank you. Thank you. The next two cases, 0856332, Madani v. Shalwell, and 0950197, United States v. Felix Olivas. These cases are submitted on the briefs. The next case to be argued is 0950180, United States v. Deerking.
judges: Bolton, Thompson, Silverman